J-A17023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE MATTER OF THE ADOPTION OF J.R.L., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: S.L. AND M.L. | |
| | No. 287 WDA 2018 |

Appeal from the Order Dated, February 5, 2018,
in the Court of Common Pleas of Mercer County,
Orphans' Court at No(s): 2018-64A.

BEFORE:  OTT, J., KUNSELMAN, J. and MUSMANNO, J.

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED JULY 24, 2018**

Appellants, S.L. & M.L., initially appealed the trial court's dismissal of their petition to involuntarily terminate the parental rights of the Appellee, D.L., (birth mother) on the basis that Appellants lacked *in loco parentis* standing to file such a petition.  Without reaching the merits, a previous panel of this Court remanded with instruction for the trial court to appoint the child both a guardian *ad litem* and legal counsel pursuant to 23 Pa.C.S.A. § 2313(a). *See **In re J.R.L.,** 1630 WDA 2017 (Pa. Super. May 25, 2018) (unpublished memorandum).

Before we issued that decision, however, Appellants had once more petitioned to involuntarily terminate Appellee's parental rights, but this time alleged new facts encompassing the period of the preceding six months during which they alleged that Appellee once again had no contact with the child.

*See* 23 Pa.C.S.A. § 2511(a)(1). The trial court similarly dismissed this petition for lack of standing, and Appellants appealed. This appeal is docketed at 287 WDA 2018, J-A17023-18 and is presently before us. The parties' companion case regarding Appellants' standing for custody is also before this panel. That appeal is docketed at 289 WDA 2018; J-A17024-18. We listed these cases for consecutive arguments.

Because the previous panel, in consideration of the previous termination petition, remanded for the appointment of a guardian *ad litem* and for legal counsel, both counsel conceded that we must follow suit with Appellants' second termination petition. We remand for the trial court to conduct a new evidentiary hearing to determine whether Appellants stand *in loco parentis* under 23 Pa.C.S.A. § 2512(a)(3) to file a petition to terminate Appellee's parental rights. The trial court shall apply the appropriate standard for determining standing under this termination statute. At argument, counsel informed this Court that the trial court had made the appropriate appointments for the child in accordance with the previous panel's decision. The child's guardian *ad litem* and legal counsel shall enter their appearances and participate in this hearing.

Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/24/2018